MEMORANDUM **
Petitioner Alexander Diaz-Martinez timely seeks review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal of the immigration judge’s (“U”) order finding him removable. We deny the petition.
1. The BIA correctly held that the admission of Petitioner’s earlier statements and other evidence violated neither 8 C.F.R. § 287.3(c) nor the Fifth Amendment. Because Petitioner’s earlier statements were made days before the issuance of the notice to appear, § 287.3(c) does not apply. Samayoa-Martinez v. Holder, 558 F.3d 897, 901-02 (9th Cir. 2009); In re E-R-M-F-, 25 I. & N. Dec. 580, 582-85 (B.I.A. 2011). “Miranda warnings are not required before questioning in the context of a civil deportation hearing,” United States v. Solano-Godines, 120 F.3d 957, 960 (9th Cir. 1997), and Petitioner has not argued that his statements were coerced.
*867 2. The BIA correctly held that, unlike in Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674 (9th Cir. 2005), the admission of earlier statements by Petitioner’s friend, in this case, was irrelevant to the BIA’s analysis. The BIA relied only on the testimony of Petitioner and other witnesses at the merits hearing.
3. Substantial evidence supports the agency’s adverse credibility determination. See Perez-Arceo v. Lynch, 821 F.3d 1178, 1183 (9th Cir. 2016) (stating standard of review). Petitioner admitted at the merits hearing that he had lied to border patrol officers about his attempted entry into the United States. See Silva-Pereira v. Lynch, 827 F.3d 1176, 1187 (9th Cir. 2016) (holding that an admission of prior dishonesty can support an adverse credibility finding), cert. denied, — U.S. -, 137 S.Ct. 1366, 197 L.Ed.2d 522 (2017). The IJ noted that Petitioner could not explain adequately why he lied. In view of the implausibility of Petitioner’s testimony,[1] the record does not compel the conclusion that Petitioner’s story—that he was an innocent participant in his friend’s devious plan—was truthful. Accordingly, the BIA correctly concluded, in light of the adverse credibility finding, that there was substantial evidence that Petitioner attempted to aid and abet alien smuggling.[2]
4. The BIA did not err in applying the “clear and convincing” standard instead of the “clear, unequivocal, and convincing” standard. See Mondaca-Vega v. Lynch, 808 F.3d 413, 419-22 (9th Cir. 2015) (en banc) (holding that the two standards are the same), cert. denied, 137 S. Ct. 35 (2016).
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Petitioner knew that his friend was not a United States citizen and that his friend’s visa had been cancelled just two weeks earlier, after he tried to walk across the border.

. Because we deny the petition on this ground, we need not reach the BIA’s alternative holding that, crediting Petitioner’s testimony, he engaged in alien smuggling.